569 So.2d 276 (1990)
STATE of LOUISIANA, Appellee,
v.
Johnny Ray ASHLEY, Appellant.
No. 21873-KA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1990.
*278 Jerry L. Jones, Monroe, for appellant.
James A. Norris, Jr., Dist. Atty., Mark Donahoe, Asst. Dist. Atty., Monroe, for appellee.
Before SEXTON, NORRIS and LINDSAY, JJ.
LINDSAY, Judge.
The defendant, Johnny Ray Ashley, appeals his conviction and sentence for forcible rape, a violation of LSA-R.S. 14:42.1. The defendant was ordered to serve fifteen years at hard labor, five years of which are to be served without benefit of parole, probation or suspension of sentence. We affirm.

FACTS
On the evening of February 14, 1989, the defendant invited a group of people to his apartment to watch a rented movie on his video cassette recorder. Among this group was the victim of this offense, a 33-year-old divorced mother of three children. The victim was not well-acquainted with the defendant, but agreed to attend the movie because others were present with whom she was acquainted. The victim took her seven-year-old and four-year-old daughters to the defendant's apartment. Her fifteen-year-old son went upstairs to watch television with another tenant of the apartment complex.
During the course of the evening, the victim's four year-old daughter fell asleep and was placed in one of the bedrooms in the defendant's apartment. The victim's seven-year-old daughter fell asleep beside her mother on the sofa.
After the movie ended, the victim and other guests in the apartment began preparing to depart. The defendant asked the victim to stay for a moment because he wanted to talk to her. The victim sat down on the sofa beside her child. The defendant then began making advances toward the victim which the victim resisted. The defendant then picked up the victim, who weighed approximately ninety-five pounds, carried her to his bedroom and raped her. The victim claimed that, due to her small size, she was overpowered by the much larger and stronger defendant.
The seven-year-old child awakened and saw her mother attempting to resist the defendant and saw the defendant carry the victim to the bedroom. The seven-year-old child became upset, went upstairs and persuaded her brother to come with her to the defendant's apartment. The victim's son testified that he could hear his mother crying in the defendant's bedroom but was *279 prevented from rendering aid because he was afraid of the defendant's dog. After some time, the defendant came out of the bedroom. The victim then came out of the room, disheveled and upset, gathered up her children and fled the apartment.
The victim did not have a telephone in her apartment and was not able to report the incident to the police until the day after the attack, February 15, 1989. The victim was examined by her doctor on February 16, 1989. The doctor testified that the victim exhibited symptoms of traumatic sexual intercourse.
On May 9, 1989, the defendant was indicted by a grand jury for forcible rape. On July 11, 1989, he was tried by jury and found guilty as charged. The defendant appeared before the court for sentencing on October 26, 1989. The defendant was sentenced to serve fifteen years at hard labor, five years of which must be served without benefit of parole, probation or suspension of sentence. The defendant has appealed his conviction and sentence. The defendant argues that the trial court erred in failing to grant a continuance, that there was insufficient evidence upon which to base a conviction and that the sentence imposed was excessive.

MOTION FOR CONTINUANCE
The defendant was represented by retained counsel.[1] When the defendant and his counsel appeared for trial on July 11, 1989, numerous other cases were also on the docket for trial. However, the defendant's case was the one ultimately chosen to be tried. Defense counsel filed a written motion for continuance on the morning of trial. Defense counsel asserted that defense witnesses had not been subpoenaed and that since this was the first trial date set for this case, he did not expect the case to be tried and therefore he was not prepared for trial.
The trial court determined that the witnesses the defendant claimed were necessary had in fact been subpoenaed by the prosecution and were present to testify. The court denied the defendant's motion to continue and ordered that the trial proceed.
On appeal, the defendant contends that the trial court erred in denying the motion for continuance. Defense counsel claims he did not have time to confer with his client prior to trial. He also argues that he was not unreasonable in failing to prepare for this trial date because, he claims, it is rare for a case to actually be tried on the first date set for trial. Defense counsel contends that the trial court's action in forcing him to go forward with a trial for which he was not prepared denied the defendant his right to a fair trial. Defendant's arguments are meritless.
LSA-C.Cr.P. Art. 712 provides:
A motion for continuance, if timely filed, may be granted, in the discretion of the court, in any case if there is good ground therefor.
The granting or denial of a motion for continuance rests within the trial court's sound discretion. Whether refusal to grant a continuance was justified depends primarily on the circumstances of the particular case. State v. Sensley, 460 So.2d 692 (La.App. 1st Cir.1984), writ denied 464 So.2d 1374 (La.1985). Denial of a motion for continuance will not be disturbed on appeal absent an abuse of discretion and a showing of specific prejudice resulting from the denial. State v. Knighton, 436 So.2d 1141 (La.1983), cert. denied 465 U.S. 1051, 104 S.Ct. 1330, 465 U.S. 1051, 79 L.Ed.2d 725 (1984); State v. Benoit, 440 So.2d 129 (La.1983); State v. Robinson, 423 So.2d 1053 (La.1982); State v. Hall, 549 So.2d 373 (La.App. 2d Cir.1989), writ denied 556 So.2d 1259 (La.1990).
Where a motion for continuance is based upon the want of time for preparation by counsel, this specific prejudice requirement has been disregarded only in cases where the preparation time was so minimal as to call into question the basic fairness of the proceeding. State v. Jones, 395 So.2d 751 (La.1981); State v. Sampson, 480 So.2d 952 (La.App. 2d Cir.1985).
*280 In the present case, it cannot be said that the time afforded defense counsel to prepare for trial was so minimal as to undermine the basic fairness of the proceeding. Defense counsel was retained by the defendant shortly after his arrest. He appeared in court with the defendant on May 15, 1989. At that time, defense counsel formally enrolled on behalf of the defendant. The defendant entered a plea of not guilty. A hearing on pre-trial motions was set for June 8, 1989 and the defendant's trial was set for July 10, 1989.
After arraignment, defense counsel unsuccessfully attempted to negotiate a plea bargain agreement for the defendant. Defense counsel knew of the trial date approximately two months in advance. Further, he was informed on Friday before the Monday trial date that the case was a priority case which would probably be called for trial on Monday. This afforded defense counsel the type notice required in State v. Ray, 474 So.2d 954 (La.1985). Therefore, these facts show that defense counsel was not surprised as to the trial date or the fact that the case most probably would go to trial on the date originally set.
The defendant further argues that, since this was the first date on which the trial was set, he thought the case would be passed over in favor of a case that had been on the docket longer. However, this argument does not justify an attorney's failure to prepare for trial. The record shows that defense counsel had adequate time for trial preparation.
This case is factually similar to State v. Haarala, 398 So.2d 1093 (La.1981), in which defense counsel claimed the court erred in failing to grant a continuance because counsel was told that some other case would be tried before his client's case. When the other case was continued, defense counsel contended that he was not prepared to go to trial. In State v. Haarala, supra, the Louisiana Supreme Court upheld the trial court's action in failing to grant the defendant's motion for continuance. The court noted that defense counsel had been involved in the case for ten weeks and had been aware of the trial date for approximately two months.
Because defense counsel in the present case was aware of the trial date well in advance, and knew of its status on the Friday before the Monday trial date, it cannot be argued that he had so little time to prepare that the fairness of the proceedings is called into question. Cf. State v. Parrish, 434 So.2d 475 (La.App. 2d Cir. 1983), writ denied 440 So.2d 760 (La.1983); State v. Simpson, 403 So.2d 1214 (La. 1981).
In addition, the defendant has failed to show any specific prejudice resulting from the trial court's denial of the motion for continuance. The witnesses which defendant wanted to subpoena were present and testified at trial. Defense counsel examined and cross-examined witnesses and was obviously familiar with the facts of the case and presented a defense. Considering all these circumstances, we conclude that the defendant has not shown that he was prejudiced by the denial of his motion for continuance or that the trial court abused its discretion. Therefore, we affirm the trial court's ruling denying the continuance.

SUFFICIENCY OF THE EVIDENCE
The defendant argues that "[t]he verdict of the jury in which the defendant was found guilty was against the overwhelming weight of the evidence presented at the trial of this matter." This argument is meritless.
In reviewing sufficiency challenges, an appellate court must determine whether, when viewing the evidence in the light most favorable to the prosecution, a rational fact finder could have found that the state proved beyond a reasonable doubt that the defendant committed acts necessary to constitute every element of the offense charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Doby, 540 So.2d 1008 (La. App. 2d Cir.1989), writ denied 544 So.2d 398 (La.1989); State v. Lewis, 535 So.2d 943 (La.App. 2d Cir.1988), writ denied 538 So.2d 608 (La.1989).
*281 The offense of forcible rape is defined in LSA-R.S. 14:42.1 as follows:
A. Forcible rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.
At trial, the defendant testified in his own behalf. He admitted that sexual intercourse occurred with the victim on the night in question. However, he testified that the victim consented up to a point and that, when she asked him to stop, he complied with her wishes. The defendant claims that the prosecution failed to sufficiently prove that the victim was prevented from resisting by force or threats of physical violence under circumstances where she reasonably believed that resistance would not prevent the rape.
The defendant claims that the victim made no attempt to get away from him or to exit from the apartment. The defendant admitted taking the victim to his room but contends that she did not try to escape, she did not bite, kick or strike the defendant and that she did not scream. The defendant contends that the victim voluntarily removed part of her own clothing while he removed her jeans. The defendant contends that during their encounter, the victim became concerned about becoming pregnant, began to cry and asked the defendant to stop. The defendant claimed that he immediately complied with this request and left the room.
The testimony of the victim and her children set forth a different version of the evening's events. The victim testified that when the defendant began trying to kiss her while they were in the living room, she attempted to push him away. This is corroborated by her seven-year-old daughter who had been sleeping on the sofa. The defendant then forcibly carried the ninety-five pound victim to his bedroom and closed the door. This fact was also corroborated by the seven-year-old child.
The victim testified that after being carried to the bedroom and thrown onto the bed, the defendant then forcibly removed her clothing while she cried and asked him to stop. The defendant then climbed on top of the victim and held her down on the bed with her legs over her shoulders in such a position that she could not move. At that point the defendant raped the victim. The victim testified that when she attempted on several occasions to scream, the defendant placed his hand around her throat and told her to "shut-up".
The seven-year-old child testified that she could hear her mother crying after being carried away by the defendant. Upon hearing her mother's cries, the child went in search of her older brother.
The victim was later seen by her children in a disheveled and upset condition. After returning to her own apartment, the victim was afraid to leave for fear of again being accosted by the defendant. She testified that she had no phone in her apartment and because she was afraid to leave, she did not report the attack until the next day. She did report the attack to the police the next day and was later examined by her physician. The doctor corroborated the victim's statement that she had engaged in a traumatic sexual encounter.
The jury in this case was confronted with a conflict between the testimony offered by the defendant and that offered by the victim and her children. In the present case, the conviction turned on the credibility of the witnesses. Such credibility is legally and properly determined by the trier of fact. When testimony is conflicting, the credibility of witnesses is a matter within the discretion of the trier of fact. Such determinations will not be disturbed on review unless clearly contrary to the evidence. State v. Rogers, 519 So.2d 246 (La.App. 5th Cir.1988); State v. Richardson, 425 So.2d 1228 (La.1983).
Based upon the testimony of the victim and her children, which was obviously accepted by the jury, there was sufficient evidence of all elements of the offense of forcible rape. In addition, the defendant's *282 testimony was impeached by his numerous convictions which are outlined below in the discussion of the sentence imposed. This assignment of error has no merit.

EXCESSIVE SENTENCE
The defendant was sentenced to serve 15 years at hard labor for the present offense. Five years of the sentence were ordered to be served without benefit of parole, probation or suspension of sentence. The defendant argues that the sentence pronounced by the court was unconstitutionally excessive.
In determining whether a sentence is excessive, the test imposed by the reviewing court is two-pronged. First, the record must show that the trial court took cognizance of the factors set forth in LSA-C. Cr.P. Art. 894.1 which enumerates criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir. 1983), writ denied 439 So.2d 1074 (La.1983); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied 435 So.2d 438 (La. 1983).
While the trial court need not articulate every aggravating and mitigating circumstance outlined in LSA-C.Cr.P. Art. 894.1, the record must reflect that the court adequately considered those guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La. App. 2d Cir.1983), writ denied 438 So.2d 1112 (La.1983).
The articulation of the factual basis for a sentence is the goal of LSA-C. Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even when there has not been full compliance with LSA-C.Cr.P. Art. 894.1. State v. Lanclos, 419 So.2d 475 (La. 1982). Important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied 521 So.2d 1143 (La.1988).
After determining whether the provisions of LSA-C.Cr.P. Art. 894.1 have been complied with by the trial court, the reviewing court must then determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant.
The sentencing court is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing court. State v. Square, 433 So.2d 104 (La.1983); State v. Hammonds, supra; State v. Brooks, 431 So.2d 865 (La. App. 2d Cir.1983).
A sentence is unconstitutionally excessive in violation of La. Const. 1974 Art. 1, § 20 if the sentence is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ denied 435 So.2d 433 (La.1983).
In selecting a proper sentence, a trial judge is not limited to considering only a defendant's prior convictions, but may properly review all prior criminal activity. State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ denied 452 So.2d 695 (La. 1984).
A trial court is not required to render a suspended sentence or probation on a first felony offense, but may consider whatever factors and evidence are deemed important to a determination of the best interest of the public and the defendant. *283 State v. McKethan, 459 So.2d 72 (La.App. 2d Cir.1984); State v. Tully, supra.
In the present case, the sentencing court adequately articulated the factors which it considered in the imposition of sentence as required by LSA-C.Cr.P. Art. 894.1. The court noted that the defendant was married and had two children.[2] The defendant had an eighth grade education and was employed. The court noted that the defendant was once the victim of a robbery and was stabbed during the course of a robbery.
The court also outlined numerous aggravating factors, including the defendant's extensive criminal record. The defendant's record included five convictions for theft, eleven convictions for issuing worthless checks, two convictions for disturbing the peace, three convictions for driving while intoxicated, one conviction for possession of drug paraphernalia, one conviction for loitering, and one conviction for criminal trespass. One month before sentencing, the defendant had been arrested for simple battery. That charge was still pending at the time the defendant was sentenced for the present offense.
The court stated that the defendant had committed a serious offense in this case and that the victim did not facilitate the commission of the crime. The court found that there was an undue risk that the defendant would commit another offense and that he was in need of correctional treatment. The court found that a probated sentence could not be justified in this case and that a lesser sentence than that imposed would deprecate the seriousness of the offense.
In light of the factors outlined above, the court has more than adequately complied with the provisions of LSA-C.Cr.P. Art. 894.1.
In reviewing the sentence, we must also determine whether the sentence imposed is too severe given the circumstances and background of the defendant. The penalty for forcible rape under LSA-R.S. 14:42.1 is a hard labor sentence of not less than five nor more than forty years, with at least two years to be served without benefit of probation, parole or suspension of sentence.
The defendant's sentence of fifteen years at hard labor falls within the middle range for sentences for this offense. Under the circumstances of this case, the trial court did not abuse its discretion in imposing sentence upon the defendant. The defendant had an extensive criminal record. Given the seriousness of this offense, the emotional impact of this crime upon the victim and the defendant's prior criminal record, the sentence was tailored to both the offender and the offense. The sentence imposed does not shock our sense of justice and was well within the trial court's discretion.

CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Johnny Ray Ashley.
AFFIRMED.
NOTES
[1] We note that present counsel did not represent the defendant at trial.
[2] The record shows that at the time of the offense, the defendant was then divorced from his first wife, the mother of his two children. He was sharing the apartment with his mother. The defendant married his second wife while these charges were pending.