605 So.2d 686 (1992)
STATE of Louisiana, Appellee,
v.
Lee E. WILLIAMS, Appellant.
No. 24161-KA.
Court of Appeal of Louisiana, Second Circuit.
September 23, 1992.
Indigent Defender Office by Richard E. Hiller, for appellant.
*687 Richard Ieyoub, Atty. Gen., Paul J. Carmouche, Dist. Atty., Tommy J. Johnson, Asst. Dist. Atty., for appellee.
Before HIGHTOWER, VICTORY and STEWART, JJ.
HIGHTOWER, Judge.
A jury unanimously convicted defendant, Lee E. Williams, of attempted possession of marijuana, second offense, LSA-R.S. 14:27 and 40:966, in response to a bill of information charging the accomplished crime. After denying a motion for new trial, the district court ordered imprisonment for two years at hard labor.
In this appeal, defendant complains of the denial of his motion for new trial, challenges his sentence, and seeks patent error review. Two other assignments of error stand abandoned. For reasons hereinafter expressed, we affirm.

FACTS
On the morning of July 10, 1991, after stopping defendant due to a traffic signal violation, Shreveport police arrested him for driving under suspension. Advised of his rights, and upon inquiry about a distinctive odor emanating from his automobile, Williams admitted the presence of marijuana in the console of the car. From that location, a consensual search immediately produced two small bags and a partially smoked cigarette, all containing the illegal substance.

MOTION FOR NEW TRIAL
The record, augmented by statements of counsel and the court, discloses certain background and procedural developments of the case. Twelve days after the district court referred Williams to the Indigent Defender Office ("IDO") on July 11, 1991, the assigned attorney with that office, Betty Marak, filed a discovery motion. Defendant, apparently free on bail, thereafter appeared in court with counsel on five different occasions before August 23, 1991, when his case received a trial setting for Monday, December 9.
On that latter date, at the afternoon court session, defense counsel informed the judge that Williams had failed to contact his attorneys, and, as a result, they had been left unprepared to proceed, notwithstanding the state's announced readiness for trial. When Kurt Goins, a supervising attorney employed by the IDO, came forth on this occasion, the court instructed the defendant to discuss the case with him. Later that afternoon, some form of conference transpired between Goins and Williams. Earlier, at that day's morning session, the presiding judge had directed that the case would proceed to trial that week, as previously scheduled.
The following morning, defendant appeared with counsel in an effort to enter a negotiated nolo contendere plea, but then refused to respond to the court's questions seeking to determine if he actually desired to so plead. Following this development, the presiding judge referred the case to another court division for trial that afternoon. When attorney Goins noted an objection that he did not feel properly prepared for trial, the judge observed that Marak found herself in essentially the same position the preceding morning, but that any such predicament stemmed from defendant's personal decision not to communicate with counsel during the foregoing five months.
That afternoon, jury selection and trial proceeded. At some point, apparently after the state concluded its case-in-chief, the court offered counsel for either side the option of recessing for the rest of the day before taking up the balance of the case. Both attorneys indicated a desire to move ahead.
When defendant neither testified nor put forth any other evidence, the empaneled jury returned the above-indicated responsive verdict that same day. Subsequently, the trial court denied a motion for new trial, which asserted that defense counsel had not been accorded sufficient time to prepare for trial. Defendant's first assignment of error challenges that denial.[1]
*688 LSA-C.Cr.P. Art. 707 requires motions for continuance to be in writing and filed at least seven days prior to the commencement of trial. Indeed, an official comment to that provision observes that the overruling of an oral objection to going to trial presents nothing for appellate review. See Comment (b), citing State v. Patterson, 176 La. 1013, 147 So. 62 (1932), and State v. Jones, 233 La. 775, 98 So.2d 185 (1957), both interpreting Article 321 of the 1928 Code of Criminal Procedure which received only "stylistic revision" in the current code. Thus, in that the present record contains no written motion for continuance, defendant's complaint is not properly before this court.
In certain cases, of course, our supreme court has reviewed the denial of an oral motion for continuance. See, e.g., State v. Simpson, 403 So.2d 1214 (La.1981); State v. Burnette, 337 So.2d 1096 (La.1976). Such an approach in the instant case, however, would not disclose reversible error.
LSA-C.Cr.P. Art. 712 commits a motion for continuance to the sound discretion of the trial judge, and his ruling will not be disturbed on appeal absent a showing of abuse and specific prejudice. State v. Knighton, 436 So.2d 1141 (La.1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984); State v. Gaskin, 412 So.2d 1007 (La.1982); State v. Ashley, 569 So.2d 276 (La.App.2d Cir.1990), writ denied, 575 So.2d 387 (La.1991). This specific prejudice requirement will be disregarded only where the time allowed defense counsel to prepare is so minimal that the "fairness" of the proceeding is questionable. State v. Jones, 395 So.2d 751 (La.1981); State v. Ashley, supra. Furthermore, the reasonableness of discretion issue turns primarily upon the circumstances of the particular case. State v. Simpson, supra; State v. Winston, 327 So.2d 380 (La.1976); State v. Ashley, supra; State v. Williams, 554 So.2d 141 (La.App.2d Cir.1989), writ denied, 560 So.2d 21 (La.1990); State v. Ray, 547 So.2d 1350 (La.App.3d Cir.1989), writ denied, 553 So.2d 470 (La.1989).
Here, inasmuch as defendant remained unincarcerated pending trial, appropriate access to his attorney had not been restricted. Nevertheless, as the district judge noted, Williams made absolutely no effort to assist in preparing his defense following the appointment of counsel on July 11, and prior to his fixed trial date, December 9. Such failure to communicate and cooperate with an appointed lawyer is not grounds for continuance. As suggested by the record, when Goins came into the case, he could represent defendant as well as could Marak. Thus, irrespective of the substitution of counsel, defendant's own decision not to converse with his legal representative clearly stands responsible for any unpreparedness on the scheduled trial date. Cf. State v. Ray, supra. Furthermore, such actions by defendant appear manipulative and designed to interfere with the fair administration of justice. Cf. State v. Seiss, 428 So.2d 444 (La.1983); State v. Champion, 412 So.2d 1048 (La. 1982); State v. Leggett, 363 So.2d 434 (La. 1978).
Defendant additionally made no showing that he could have presented a better defense had he been given more time to prepare. By no means did this constitute a complicated case. Indeed, any experienced attorney, such as Goins, could have prepared the matter very promptly. In point of fact, when arguing in support of defendant's motion for new trial, counsel admitted he "was able to prepare quickly because of [his] experience...." Neither should we lose sight of his effectiveness. Notwithstanding overwhelming evidence supporting a conviction as charged, the jury instead returned a responsive verdict. Clearly, under the circumstances, no prejudice transpired.
This assignment lacks merit.

*689 EXCESSIVENESS OF SENTENCE
Defendant additionally maintains his sentence is excessive. Nonetheless, he acknowledges that the trial court complied with the guidelines of former LSA-C.Cr.P. Art. 894.1, and indeed we find that provision plainly followed. Nor are we impressed with Williams' contention that his exhibited disrespectful attitude toward the court should have not been considered. Clearly, a sentencing court may evaluate whatever factors and evidence it deems important to a determination of the best interest of the public and defendant. State v. McKethan, 459 So.2d 72 (La.App.2d Cir. 1984); State v. Tully, 430 So.2d 124 (La. App.2d Cir.1983), writ denied, 435 So.2d 438 (La.1983).
Whether the incarceration imposed is too severe, given the circumstances of the case and defendant's background, constitutes the other aspect of sentence review. For a discussion of the parameters applied in that determination, see LSA-Const. Art. 1, § 20; State v. Barberousse, 480 So.2d 273 (La.1985); State v. Square, 433 So.2d 104 (La.1983); State v. Bonanno, 384 So.2d 355 (La.1980). After reviewing the circumstances of the instant case in conjunction with well established constitutional criteria, we simply do not find the two year term of imprisonment to be excessive.[2] See LSA-R.S. 40:966(D) and 14:27.

ERRORS PATENT
Finally, defendant requests that we review the record for errors patent. Of course, all criminal appeals are reviewable for such errors. LSA-C.Cr.P. Art. 920(2). Our inspection in this case reveals none.

CONCLUSION
Accordingly, defendant's conviction and sentence are affirmed for the reasons assigned.
AFFIRMED.
NOTES
[1] In two additional assignments, defendant complains of the overruling of objections lodged by Marak and Goins, on December 9 and December 10, respectively, concerning their lack of preparation. Not being briefed, however, both assignments are deemed abandoned. State v. Schwartz, 354 So.2d 1332 (La.1978); URCA 2-12.4. Furthermore, defendant's argument concerning assignment No. 1, which we find without merit, actually centers upon the same questions presented in the unbriefed specifications.
[2] The trial judge incorrectly stated defendant's possible monetary exposure as $2500 instead of $1000, but nevertheless imposed no fine. See LSA-R.S. 40:966(D)(2) and 14:27.