632 So.2d 887 (1994)
STATE of Louisiana, Appellee,
v.
Cleonis SMITH, Appellant.
No. 25841-KA.
Court of Appeal of Louisiana, Second Circuit.
February 23, 1994.
*889 Daryl Gold, Shreveport, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Don Burkett, Dist. Atty., Charles B. Adams, Asst. Dist. Atty., Mansfield, for appellee.
Before SEXTON, HIGHTOWER and WILLIAMS, JJ.
WILLIAMS, Judge.
The defendant, Cleonis Smith, was charged by grand jury indictment with second degree murder, a violation of LSA-R.S. 14:30.1. After trial by a jury, he was found guilty as charged. Defendant was subsequently sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. On appeal, defendant alleges three assignments of error. Finding no merit to any of his assignments, we affirm his conviction and sentence.

FACTS
On December 11, 1991, the defendant entered Shelby's Phillips 66 convenience store in Mansfield, Louisiana and demanded that his wife, Virginia Moore Smith, go with him. When she refused, he grabbed her arm and demanded that she get in the car. Virginia responded by stating that she was going to call the police. While Virginia was in the store attempting to telephone the police, the defendant returned to his car, retrieved a.357 caliber pistol, re-entered the convenience store and fired at her five or six times. Virginia subsequently died from two gunshot wounds and resulting complications.
At the time of defendant's arrest, law enforcement officers discovered a fully loaded.357 caliber pistol, a fully loaded 12 gauge shotgun and two boxes of .357 caliber ammunition on the front seat of defendant's vehicle. One of the arresting officers testified that the defendant stated he had done what he had to do, he had shot to kill and he hoped his wife died. The officer further testified that the defendant seemed upset by the fact that his wife had not died instantly. Later, when the defendant learned of his wife's demise, he stated that he was glad his wife had died because he had intended to kill her.
On June 19, 1992, a twelve-panel jury convicted the defendant of second degree murder. Defendant appeals.

DISCUSSION

Assignment of Error No. 1:
By this assignment, the defendant contends the trial court erred in denying his motions for a continuance that were filed immediately prior to and during the trial.[1]
Trial was originally set for March 2, 1992. On motion of defense counsel, trial was refixed for April 6, 1992. On that day, defense counsel successfully moved for a continuance. The trial judge refixed trial for May 18, 1992. Defense counsel objected to the May 18, 1992 trial date and filed a motion for a continuance stating that he had not had enough time to *890 prepare due to his work load and that a psychological evaluation of the defendant had not been completed. The trial judge granted defense counsel's motion and refixed the case for trial. On June 3, 1992, the state moved for a continuance, and the trial was refixed for June 13, 1992.
On the morning of June 15, 1992, prior to jury selection, defense counsel moved for a continuance stating he was not prepared to go to trial, he had not yet planned a defense because his experts had not given their final opinions, and that one witness had undergone major surgery and it was possible she would not appear for trial. The trial judge denied the motion.
LSA-C.Cr.P. Art. 712 commits a motion for continuance to the sound discretion of the trial judge, and his ruling will not be disturbed on appeal absent a showing of abuse and specific prejudice. State v. Knighton, 436 So.2d 1141 (La.1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984); State v. Gaskin, 412 So.2d 1007 (La. 1982); State v. Ashley, 569 So.2d 276 (La. App.2d Cir.1990), writ denied, 575 So.2d 387 (La.1991). This specific prejudice requirement will only be disregarded where the time allowed defense counsel to prepare is so minimal that the "fairness" of the proceeding is questionable. State v. Jones, 395 So.2d 751 (La.1981); State v. Ashley, supra. The reasonableness of discretion issue turns primarily upon the circumstances of the particular case. State v. Simpson, 403 So.2d 1214 (La. 1981); State v. Ashley, supra.
In the instant case, defense counsel was present at defendant's arraignment on January 16, 1992. Trial was initially set for March 2, 1992. When the trial date was subsequently refixed for April 6, 1992, the state informed the trial court and defense counsel that the case was first on the docket and was its priority case for that day. Defendant's trial did not commence until June 15, 1992, more than three months after the date initially set for trial. Thus, defense counsel had ample time to prepare for trial.
Defendant has also failed to make a showing of abuse and specific prejudice. In his motion for a continuance, defendant alleged it was possible that one of his witnesses, Jo Nell Hill, would not appear. However, we find no prejudice in this regard since Ms. Hill appeared and testified at the trial.
Defendant also complained that his experts, Dr. Paul Ware and Dr. Mark Vigen, were not prepared to testify. A review of the record reveals that Dr. Vigen informed the jury of the results of several tests that were administered to the defendant and of his interview with him. He did not suggest that his findings were incomplete or inconclusive. Defendant's second expert witness, Dr. Ware, was able to conclude that defendant was legally sane at the time of the offense and competent to stand trial. Further, the trial judge complimented the prosecution and defense counsel by stating that they both had done a very good job trying the case. Therefore, on this record, we cannot say the denial of the June 15, 1992 motion for a continuance was an abuse of the trial court's discretion or prejudiced the defendant.
On June 17, 1992, after the jury was selected, counsel for defendant filed another motion for a continuance based on the grounds that an expert witness, Dr. Jeffrey Evans, was on vacation and was unavailable to testify.
A jury trial commences when the first prospective juror is called for examination. LSA-C.Cr.P. Art. 761. Accordingly, defendant's motion should have been styled a motion for a recess, which is a temporary adjournment of a trial or hearing after it has commenced. LSA-C.Cr.P. Art. 708. Nevertheless, the motion is to be examined as if it had been properly named. State v. White, 389 So.2d 1300 (La.1980). A motion for a recess is evaluated by the same standards as a motion for a continuance. State v. White, supra. As previously stated, the standard of review for the denial of a motion for continuance is abuse of discretion. LSA-C.Cr.P. 712; State v. Knighton, supra.
To be entitled to a recess to secure the presence of a witness, the defendant must state the facts to which the absent witness will testify, the materiality of the testimony and the necessity for the presence of the witness in addition to showing due diligence *891 in attempting to procure the witness for trial. LSA-C.Cr.P. Art. 709; State v. White, supra.
Defendant asserted that Dr. Evans' testimony was necessary to establish that he had contracted gonorrhea, which would show provocation for the killing and that the offense was actually manslaughter. Defendant complained that since Dr. Evans' report identified his symptoms as purulent urethritis, Dr. Evans was needed to explain to the jury that purulent urethritis was a medical term for gonorrhea.
At trial, the defendant testified that he had contracted a sexually transmitted disease from his wife. Although Dr. Evans' medical report supported defendant's claim that he had a sexually transmitted disease, Dr. Evans would not have been able to say whether the victim infected the defendant. Therefore, Dr. Evans' testimony would have been cumulative. His records were sufficient to corroborate defendant's testimony that he had contracted gonorrhea. Defendant has failed to make a showing of specific prejudice as a result of the denial of the June 17, 1992 motion for a "continuance."

Assignment of Error No. 2:
Defendant contends the denial of the June 15, 1992 motion for a continuance was in effect a denial of his constitutional right to effective assistance of counsel and his constitutional right to present a defense.
Ineffective assistance of counsel is more properly raised in a motion for post conviction relief rather than by direct appeal. State v. O'Neal, 501 So.2d 920 (La.App.2d Cir.1987), writ denied, 505 So.2d 1139 (La. 1987). This rule allows a full evidentiary hearing on the allegations of ineffective assistance. State v. Barnes, 365 So.2d 1282 (La. 1978). However, if the record fully discloses the evidence necessary to decide the issue, it may be considered on direct appeal in the interest of judicial economy. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. O'Neal, supra.
Defendant notes that it had been only five and one-half months from the date of the homicide to the beginning of the triala short period of time for an attorney with a heavy schedule to prepare for a murder trial.[2] Further, he argues defense counsel was not prepared to go to trial because he had no idea what defense he would pursue: insanity, intoxication or an argument that the facts constituted manslaughter. Moreover, he argues counsel did not give an opening statement or prepare his witnesses for trial.
The United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), established a two-prong test to determine ineffective assistance of counsel. First, the defendant must show that counsel's performance was deficient such that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Secondly, a defendant must show that the deficient performance prejudiced the defense; this requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. It must be shown that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, supra; State v. Robinson, 624 So.2d 1260 (La.App. 2d Cir.1993).
A defendant making a claim of ineffective assistance of counsel must identify certain acts or omissions by counsel which led to the claim; general statements and conclusionary charges will not suffice. Strickland, supra; State v. O'Neal, 501 So.2d 920 (La.App. 2d Cir.1987), writ denied, 505 So.2d 1139 (La.1987). There is a strong presumption that the conduct of counsel falls within the wide range of reasonable professional assistance. Strickland v. Washington, supra; State v. Wry, 591 So.2d 774 (La.App. 2d Cir.1991). The defendant bears the burden of proving that certain acts by his counsel were deficient and that this deficiency led to an unreliable outcome. State v. Wry, supra.
Defendant contends his counsel did not have sufficient time to prepare for trial. We have previously determined in our consideration of the first assignment of error *892 that defendant was not prejudiced by the length of time his counsel had to prepare for trial. We therefore conclude that the outcome of these proceedings was not affected by the amount of time counsel had to prepare for trial.
Defendant further argues that his counsel's failure to make an opening statement evidences counsel's lack of preparation. LSA-C.Cr.P. Art. 765 provides that a defendant may waive his opening statement. Further, defendant has not shown that counsel's failure to make an opening statement prejudiced his trial. State v. Cheatham, 519 So.2d 188 (La.App. 4th Cir.1987). This argument is without merit.
Defendant also argues that counsel failed to prepare a defense witness for trial. One of defendant's expert witnesses, Dr. Vigen, testified on direct examination that defendant told him that he had shot his first wife. However, a review of the record indicates that counsel did in fact prepare this witness for trial. In his written motion for a new trial, counsel stated that Dr. Vigen was warned not to testify concerning that portion of the interview where defendant discussed shooting his first wife. We conclude from this statement that counsel had discussed the case with Dr. Vigen and had reviewed his anticipated testimony. The fact that this expert witness recited more of the defendant's history than the defense desired does not lead to the conclusion that counsel had not prepared the witness for trial.
Finally, defendant complains that counsel did not select a defense. The record reveals that after the trial began, defendant was successful in changing his plea to not guilty by reason of insanity. Although the defendant presented some evidence of his alcoholism and of a mild brain dysfunction, his experts agreed that neither of these conditions prevented him from forming the requisite specific intent to kill or to commit great bodily harm. Further, defendant testified that he had contracted a sexually transmitted disease from his wife in an attempt to show that enough provocation preceded the killing to reduce the charge from murder to manslaughter. However, defendant was examined by a physician and informed that he had a sexually transmitted disease on November 21, 1991. He shot his wife approximately three weeks later. Therefore, the jury could have reasonably concluded this event was too remote to validly support a claim of sudden passion or heat of blood as justification for the homicide. Under the facts of this case, the lesser and included offense of manslaughter under LSA-R.S. 14:31(A)(1) was not realistically available to this defendant. In sum, defendant has failed to show that he was prejudiced by counsel's trial strategy.
We find nothing in the record to indicate that counsel's conduct fell below the range of reasonable professional assistance. Moreover, the evidence presented to prove that the defendant was guilty of second degree murder was overwhelming. Defendant has failed to demonstrate that but for the specific acts alleged in this assignment, the outcome of his trial would have been different. This assignment is without merit.

ERROR PATENT
In his final assignment of error, defendant requests this court review the record of errors patent. This request is unnecessary since a review is automatically made in all criminal cases. State v. Stamper, 615 So.2d 1359 (La.App. 2d Cir.1993).
From our review of the record, we note that defendant was not advised of the prescriptive period for applying for post-conviction relief.
LSA-C.Cr.P. Art. 930.8(C) provides that, at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief. Although the failure to comply with Article 930.8(C) is not grounds for reversal of the sentence or remand, the notice required by that Article must be satisfied. LSA-C.Cr.P. Art. 921. Therefore, the district court is directed to give defendant written notice of the prescriptive period for applying for post conviction relief within ten days of the rendition of this opinion and to file proof of defendant's receipt of such notice in the record of the *893 proceedings. State v. Mock, 602 So.2d 776 (La.App. 2d Cir.1992).

CONCLUSION
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] These two motions were both marked as filed on June 17, 1992. However, the minutes indicate that one motion was heard on June 15, 1992 and the other motion was heard on June 17, 1992.
[2] Defendant is represented by a different attorney on appeal.