*1075 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
| t This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Edward Hebert, II, an attorney licensed to practice law in Louisiana, but currently suspended from practice.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1997. He has been ineligible to practice law since July 27, 2006, based on his failure to comply with the mandatory continuing legal education requirements. He is also ineligible for failure to pay bar dues and the disciplinary assessment.
In May 2009, this court suspended respondent from the practice of law for one year and one day for neglecting a legal matter, failing to communicate with his client, making false statements of material fact to his client and the ODC, and failing to cooperate with the ODC in its investigation. In re: Hebert, 08-2785 (La.5/29/09), 9 So.3d 846 (“Hebert I ”). Respondent has not yet filed an application for reinstatement from Hebert I. Accordingly, he remains suspended from the practice of law.
^Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
UNDERLYING FACTS
Count I — The Gilbert Matter
In August 2005, Mellante Gilbert paid respondent $700 to file a Chapter 7 bankruptcy on her behalf. Respondent filed the necessary pleadings in the United States Bankruptcy Court for the Eastern District. of Louisiana. Following Hurricane Katrina, Ms. Gilbert was displaced to Memphis, Tennessee and did. not return to Louisiana until eight months after the storm. Upon her return, Ms. Gilbert learned the bankruptcy had been dismissed. She contacted respondent, at which time he advised that a new bankruptcy petition needed to be filed, and that due to a change in the law, he required an additional $1,800. However, he did not explain the circumstances surrounding the dismissal of the bankruptcy.
In November 2008, Ms. Gilbert paid the additional fee and respondent filed the new bankruptcy petition. Thereafter, Ms. Gilbert received a notice advising that she was being audited in connection with her *1076 filing. She also received notice of a February 2009 hearing regarding the dismissal of her case. Respondent failed to attend the hearing, but met Ms. Gilbert outside of the courtroom, at which time he advised that he would “take care of it.” When Ms. Gilbert did not hear from respondent, she contacted the trustee, who advised that the bankruptcy was dismissed for missing a deadline. Respondent never filed an objection to the trustee’s motion to dismiss and did not return the unearned portion of his fee.
In October 2009, Ms. Gilbert filed a complaint against respondent with the ODC. Respondent failed to cooperate with the ODC in its investigation of the complaint.
| ¡¡Count II — The Hughes Matter
In September 2002, Jerry Hughes hired respondent to represent him in a matter connected with the succession of his deceased wife. Pursuant to the will, his wife left her ownership portion of the family home that she shared with Mr. Hughes to her niece. Mr. Hughes paid respondent $1,000 to help him obtain full ownership of the home. Although respondent accompanied Mr. Hughes to court and to his niece’s attorney’s office to deliver a check to purchase her share of the house, he failed to ensure the completion of the transfer to finalize Mr. Hughes’ purchase of the niece’s share. After repeatedly asking respondent for a copy of the sale/transfer documents, respondent continuously told Mr. Hughes, “I’ll get back to you.” However, Mr. Hughes never received any paperwork from respondent. Respondent also failed to return the unearned portion of his fee. Mr. Hughes eventually hired another attorney to complete the transaction.
In June 2010, Mr. Hughes filed a complaint against respondent with the ODC. Respondent failed to cooperate with the ODC in its investigation of the complaint.
DISCIPLINARY PROCEEDINGS
In July 2011, the ODC filed two counts of formal charges against respondent, alleging that his conduct as set forth above violated Rules 1.2 (scope of the representation), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(f)(5) (failure to refund an unearned fee), 1.16(d) (obligations upon termination of the representation), 3.2 (failure to make reasonable efforts to expedite litigation), 8.1(c) (failure to cooperate with the ODC in its investigation), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
|4Respondent initially failed to file an answer to the formal charges, and as a result, the factual allegations thereof were deemed admitted and proven by clear and convincing evidence. Thereafter, respondent answered the formal charges, generally denying any misconduct. Accordingly, the deemed admitted order was recalled, and this matter was set for a formal hearing on the merits.

Hearing Committee Report

After considering the testimony and evidence presented at the hearing, the hearing committee made factual findings consistent with the facts set forth in the underlying facts section above. Based on these facts, the committee determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
In aggravation, the committee found the following factors: prior disciplinary offenses, a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, vulnerability of the victims, substantial experience in the practice of law (admitted 1997), and indifference to *1077 making restitution. The committee did not find any mitigating factors present.
Considering respondent’s misconduct in light of the permanent disbarment guidelines, the committee recommended that he be permanently disbarred.
The ODC filed an objection to the hearing committee’s report which was limited to the committee’s failure to recommend that respondent pay restitution to Ms. Gilbert and Mr. Hughes. The ODC further urged that respondent be cast with costs.
| ¿Disciplinary Board Recommendation
After review, the disciplinary board determined that the hearing committee’s factual findings are not manifestly erroneous and are supported by the evidence and testimony in the record. The board also agreed with the committee that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The board determined that respondent violated duties owed to his clients, the public, the legal system, and the legal profession. The board also determined that in most instances, respondent’s conduct was intentional, and that the applicable baseline sanction in this matter is suspension. The board agreed with the committee’s assessment of the aggravating factors, and likewise, did not find any mitigating factors present.
Turning to the issue of an appropriate sanction, the board determined that the approach of Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), should be applied in this case. In Chatelain, the court observed that when the underlying conduct occurs within the same time period as the misconduct forming the basis of a previous disciplinary matter, the discipline imposed should be determined as if both proceedings were before the court simultaneously. According to the board, the substantive misconduct. of Count II, the Hughes matter, occurred prior to the misconduct that was the subject of Hebert I.[1] Moreover, the board noted that the misconduct in the Hughes matter is nearly identical to the Hebert I misconduct. Therefore, the board determined that this misconduct should be considered in conjunction with the misconduct that was the subject of Hebert I in the event respondent applies for reinstatement.
| f,However, the board also noted that respondent’s misconduct in Count I, the Gilbert matter, as well as his failure to cooperate with the ODC in the Hughes matter, occurred after the substantive misconduct in Hebert I. Finding that these violations are not subject to the Chatelain analysis because the misconduct did not occur prior to or during the same period as the misconduct in Hebert I, the board recommended that the court impose an eighteen-month suspension, to commence upon final order of this court.[2] The board also recommended that respondent pay restitution to Ms. Gilbert and Mr. Hughes and that he be assessed with all costs associated with these disciplinary proceedings.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
*1078 DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
The record in this matter supports a finding that respondent neglected legal matters, failed to communicate with his clients, failed to refund unearned feés, failed to properly withdraw from the representation of his clients, and failed to cooperate with the ODC in its investigations. Based on these facts, respondent has violated the Rules of Professional Conduct as charged by the ODC, except that the record does not support a finding of a violation of Rule 8.4(c). Rather, the 17dismissal of Ms. Gilbert’s bankruptcy ease and respondent’s failure to refund unearned fees appear to be more properly charged as other rule violations.[3]
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent knowingly violated duties owed to his clients, the legal system, and the legal profession, causing actual harm. The baseline sanction for this type of misconduct is suspension.
Turning to the issue of an appropriate sanction, we note the substantive misconduct in Hebert I occurred between April 2004 and March 2006, after the general time period in which the substantive misconduct in the Hughes matter occurred. Based on our decision in Chate-lain, we agree that the substantive misconduct in the Hughes matter should be considered along with the misconduct in Hebert I if and when respondent files an application for reinstatement. Therefore, no additional discipline is necessary for this misconduct.
However, the remaining misconduct requires a different analysis, having occurred outside of the Hebert I time frame. In In re: Boudreau, 03-1890 (La.12/3/03), 860 So.2d 1119, we- considered a case wherein an attorney’s substantive misconduct occurred in the same general time frame as the attorney’s previous [ ^misconduct, but the failure to cooperate with the ODC occurred after the attorney was disciplined. Although we applied a Chatelain analysis to the substantive misconduct, we imposed a separate six-month suspension for the failure to cooperate charge. Here, respondent’s failure to cooperate in the Hughes matter commenced in July 2010 and his misconduct in the Gilbert matter began in February 2009, almost three years after the misconduct in Hebert I occurred. Under the circumstances, we find additional discipline is appropriate for these charges, particularly since respondent was ineligible to practice law at the *1079 time of the misconduct in the Gilbert matter.[4]
In In re: Trichel, 00-1304 (La.8/31/00), 767 So.2d 694, we recognized that the baseline sanction for neglect of a ehent matter, failure to communicate, and failure to properly terminate the representation of one client was a one-year suspension from the practice of law. Due to the numerous aggravating factors in the case, particularly the attorney’s prior discipline for similar misconduct, we increased the sanction to an eighteen-month suspension. Likewise, there are numerous aggravating factors present in the instant matter, including prior discipline for similar misconduct and two instances of respondent’s failure to cooperate with the ODC. Therefore, we find an upward deviation to an eighteen-month suspension is appropriate.
Accordingly, we will adopt the disciplinary board’s recommendation and suspend respondent from the practice of law for eighteen months.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Edward |9Hebert, II, Louisiana Bar Roll number 25086, be and he hereby is adjudged guilty of additional violations warranting discipline. These violations shall be added to his record for consideration in the event he seeks reinstatement from the suspension imposed in In re: Hebert, 08-2785 (La.5/29/09), 9 So.3d 846. It is further ordered that for the misconduct which occurred outside of the time frame of In re: Hebert, 08-2785 (La.5/29/09), 9 So.3d 846, respondent shall be and hereby is suspended from the practice of law for eighteen months, commencing from the finality of this judgment. Respondent shall make full restitution to each of his clients subject of the formal charges, or to the Louisiana State Bar Association’s Client Assistance Fund, as applicable. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Chief Justice Kimball not participating in the opinion.

. Although we agree that Chatelain applies to the facts of this matter, the board’s report contains some inaccuracies pertaining to the dates of respondent’s misconduct in Hebert I and in the instant matter.

. The board rejected the committee’s recommendation of permanent disbarment as too harsh under the circumstances of this case, noting this court’s admonition that "permanent disbarment is reserved for those cases where the respondent’s conduct convincingly demonstrates that he does not possess the requisite moral fitness to practice law in this state, thereby making it highly unlikely readmission would ever be granted.” In re: Judice, 09-1828, n. 9 (La.2/5/10), 26 So.3d 747, 756.

. We encourage the ODC to focus on the "heartland” of the alleged misconduct in drafting its formal charges. See In re: Dixon, 10-1950 (La.1/19/11), 55 So.3d 758; In re: Rome, 01-2942, 03-0744, n. 4 (La.9/26/03), 856 So.2d 1167, 1170.

. As previously noted, respondent has been ineligible to practice law in Louisiana since July 2006 for failure to comply with the mandatory continuing legal education requirements. Thereafter, he also became ineligible for failure to pay his bar dues and the disciplinary assessment.