*837 ATTORNEY DISCIPLINARY PROCEEDING
PER CURIAM
| iThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Edward Hebert, II, an attorney licensed to practice law in Louisiana, but currently suspended from practice.
PRIOR DISCIPLINARY HISTORY
Before we address the current matter, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1997. He has been ineligible to practice law since 2006, based on his failure to comply with the mandatory continuing legal education requirements. He is also ineligible for failure to pay bar dues and the disciplinary assessment.
In 2009, we suspended respondent from the practice of law for one year and one day for neglecting a legal matter, failing to communicate with his client, making false statements of material fact to his client and the ODC, and failing to cooperate with the ODC in its investigation. In re: Hebert, 08-2785 (La. 5/29/09), 9 So.3d 846 (“Hebert I”). In 2012, we suspended respondent from the practice of law for eighteen months for, among other misconduct, failing to communicate with clients, failing to return unearned fees, and failing to cooperate with the ODC in its ^investigation. In re: Hebert, 12-2102 (La. 11/16/12), 125 So.3d 1074 . (“Hebert II”).
Respondent has never applied for reinstatement and thus he remains suspended from the practice of law. Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
FORMAL CHARGES
On May 11, 2015, respondent appeared as counsel for Ivan Prevost in the courtroom of Judge Monique Barial of the Orleans Parish Civil District Court. The court rendered a judgment, which respondent was to prepare. Unable to reach respondent to obtain a copy of the judgment, Mr. Prevost went to the court’s chambers to get a copy. The office staff told Mr. Prevost that they had not yet received the circulated judgment. Two days later, Mr. Prevost returned to the court’s chambers to get a copy of the judgment. Mr. Prevost told the staff that he still had not heard from respondent, and had in fact learned that respondent had been disbarred.
*838 Judge Barial then attempted to call the number that was listed on the draft of the judgment that respondent had previously-sent to the court, but he did not return her call. Judge Barial also searched the court’s case management system to determine whether respondent was eligible to practice law. She found respondent listed under his correct name (Edward W. Hebert) and bar roll number (25086), and this information confirmed that he was ineligible to practice. However, on the judgment that respondent had submitted to the court, respondent had listed his name as “E. Hebert” and his bar roll number as 25412. According to the court’s database, that bar roll number belongs to an attorney by the name of Eric T. Hebert. Judge Barial called Eric Hebert, who confirmed that the bar roll number | ¡¡listed on the pleading was his, but that he was not Edward Hebert, and that there was no Edward Hebert at his firm.
Mr. Prevost indicated that respondent had never advised him that he was sus^ pended from the practice of law. Mr. Prevost also confirmed that he paid respondent $500 in cash to represent him. Respondent has not refunded any of Mr. Prevost’s funds.
In July 2015, Judge Barial filed a complaint against respondent with the ODC. Notice of the complaint was sent to respondent at his primary and secondary bar registration addresses and two other known addresses. Three of the notices were returned as either undeliverable or unclaimed. Respondent personally signed for the fourth notice on November 5, 2015. Out of an abundance of caution, the ODC sent an investigator to attempt to personally serve respondent with a copy of the complaint, without success. To date, respondent has not responded to the complaint.
DISCIPLINARY PROCEEDINGS
In February 2016, the ODC filed formal charges against respondent, alleging that his conduct as set forth above violated Rules 5.5(a) (engaging in the unauthorized practice of law), 8.1(c) (failure to cooperate with the ODC in its investigation), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Rules of Professional Conduct.
Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.
| ¿Hearing Committee Report
After reviewing the ODC’s deemed admitted submission, the hearing committee found that the factual allegations in the formal charges were deemed admitted and proven by clear and convincing evidence. Based on these facts, the committee found respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The committee determined that respondent violated duties owed to his client, the public, the legal system, and the legal profession. Respondent intentionally engaged in the practice of law during his suspension, intentionally attempted to conceal his ineligibility from the court, intentionally converted client funds, and intentionally failed to cooperate with the ODC’s investigation into this matter. Respondent’s conduct caused actual harm to Mr. Prevost, which harm is significant and ongoing, Mr. Prevost was not properly advised that respondent could not lawfully represent his *839 interests, he was deprived of funds and documents needed to pursue his claim further, and he was not provided with sufficient opportunity to obtain alternate counsel to help him pursue his legal matter. Further, respondent appeared in court while he knew he was suspended, and intentionally misrepresented his name and bar roll number to the court in order to conceal the fact that he was ineligible to practice law. Additionally, respondent refused to cooperate with the ODC in its investigation, conduct for which he was disciplined in two prior disciplinary proceedings. Based on the ABA’s Standards for .Imposing Latvyer Sanctions, the committee determined that the applicable baseline sanction is disbarment.
In aggravation, the committee found a prior disciplinary record, a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction | Bof the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victim, substantial experience in the practice of law (admitted 1997), and indifference to making restitution. The committee found that no mitigating factors are present.
Considering the foregoing circumstances, the committee recommended that respondent be disbarred.
The ODC filed an objection to the leniency of the sanction recommended by the hearing committee.

Disciplinary Board Recommendation

After review, the disciplinary board determined that the hearing committee’s factual findings in this deemed admitted matter are supported by the factual.allegations in the formal charges and/or by the evidence submitted in support of those allegations. The board also found respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The board determined that respondent knowingly and intentionally violated duties owed to his client, the legal system, and the legal profession. His misconduct caused serious injury to' his client and to the legal system. Based on the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the applicable baseline sanction is disbarment.
In aggravation, the board found a prior disciplinary record, a dishonest or selfish motive, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, vulnerability of the victim, and substantial experience in the practice of law. The board found that no mitigating factors are present.
IfiAfter reviewing prior jurisprudence involving similar misconduct, the board recommended respondent be permanently disbarred. The board also recommended respondent be required to provide restitution to Mr. Prevost. Finally, the board recommended that respondent be assessed with the costs and expenses of this proceeding.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La. 10/2/09), 18 So.3d 57.
In cases.in which the lawyer does not answer the formal charges, the factual *840 allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Dorman, 01-3058 (La. 1/10/03), 838 So.2d 715.
The record in this deemed admitted matter demonstrates that respondent engaged in the unauthorized practice of law after being suspended in Hebert I and Hebert II and misrepresented his identity to the Civil District Court in order to 17conceal his ineligibility. He thereafter failed to cooperate with the ODC in its investigation of the complaint filed against him. As such, he has violated the Rules of Professional Conduct as charged.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La. 1984).
The record supports a finding that respondent knowingly, if not intentionally, violated duties owed to his client, the legal system, and the legal profession, causing actual harm. The applicable baseline sanction in this matter is disbarment. The aggravating factors found by the disciplinary board are supported by the record, and no mitigating factors are identifiable.
Turning to the issue of an appropriate sanction, respondent’s conduct ' falls squarely within Guidelines 8 and 9 of the permanent disbarment guidelines. These guidelines provide as follows:
GUIDELINE 8. Following notice, engaging in the unauthorized practice of law subsequent to resigning from the Bar Association, or during the period of time in which the lawyer is suspended from the practice of law or disbarred.
GUIDELINE 9. Instances of serious attorney misconduct or conviction of a serious crime, when the misconduct or conviction is preceded by suspension or disbarment for prior instances of serious attorney misconduct or conviction of a serious crime. Serious crime is defined in Rule XIX, Section 19. Serious attorney misconduct is | ^defined for purposes of these guidelines as any misconduct which results in a suspension of more than one year.
Respondent practiced law and held himself out as an attorney in 2015 although he never sought reinstatement from his 2009 suspension in Hebert I. Thus, Guide *841 line 8 is applicable. Guideline 9 also applies, as respondent’s current misconduct, taken as a whole, is serious attorney misconduct and was preceded by his one year and one day suspension in Hebert I and his eighteen-month suspension in Hebert II. Respondent’s misconduct during his suspension clearly demonstrates he lacks the fitness to engage in the practice of law in this state and, therefore, we find he should not be given an opportunity to seek readmission.
Accordingly, we will adopt the disciplinary board’s recommendation and permanently disbar respondent. We will also order respondent to pay restitution to Mr. Prevost.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Edward Hebert, II, Louisiana Bar Roll number 25086, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. It is further ordered that respondent shall make restitution of $500 plus legal interest to Ivan Prevost. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.