Judgment rendered January 11, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,736-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                        Appellee

versus

NATHAN GLENN PETTIT, JR.                  Appellant

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 18F0110

Honorable Clarence Wendell Manning, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Jane Louise Beebe

ROBERT STEVEN TEW                    Counsel for Appellee
District Attorney

MICHAEL J. FONTENOT
SEAN ALBERT SOUTHERN
Assistant District Attorneys

* * * * *

Before PITMAN, COX, and ROBINSON, JJ.

**ROBINSON, J.**

Nathan Pettit ("Pettit") was charged by a bill of information filed on February 7, 2018, with one count of illegal possession of stolen things valued between $500.00 - $25,000.00, in violation of La. R.S. 14:69, aggravated flight from an officer, in violation of La. R.S. 14:108.1C, and one count of resisting an officer, in violation of La. R.S. 14:108. The State filed an amended bill of information on June 24, 2019, the morning of trial, to reflect a correction for the date of the offense and for the value referenced in the illegal possession of stolen things charge from the "$500.00" mistakenly stated to "$5,000.00" as provided in La R.S. 14:69B(2). Pettit filed a motion to continue trial based on the amended bill of information, which was denied. The third charge of resisting an officer was later dropped by the State.

Pettit was convicted of both charges by a unanimous jury. The State filed a habitual offender bill of information and later an amended bill, prior to sentencing. Motions for new trial and for post-verdict judgment of acquittal were heard on March 10, 2021. Both were denied. On April 21, 2021, the trial court ruled that Pettit was a third felony offender. A presentence investigation was ordered, and on June 23, 2021, Pettit was sentenced to 20 years on count one and 10 years on count two, to be served consecutively with each other and any other sentence he was serving. On September 29, 2021, a motion for out of time appeal was granted.

## FACTS AND PROCEDURAL HISTORY

On January 11, 2018, a 2014 Dodge Durango was stolen from Monique Auger ("Auger") from the driveway of her residence in Farmerville while her two children were in the vehicle. Her son

immediately jumped out of the car and ran, but her daughter remained in the back seat. Auger ran back across the roadway and started beating on the hood of the vehicle and screaming at the man. As she did this, her daughter was able to get out of the car.

A "BOLO" ("Be on the Lookout") was issued by Union Parish law enforcement in connection with the theft. Master Trooper Michael Linton of the Louisiana State Police testified at length regarding the details of the identification and pursuit of the vehicle, which lasted approximately 15 minutes and resulted in Pettit's capture and arrest. Trooper Linton later identified Pettit in court.

Auger identified Pettit in a lineup following the incident and later in the courtroom at trial, as the man who was in the driver's seat of her car. Auger also testified that she traded the vehicle in a few weeks later because her daughter was having a hard time being in it and because she was concerned with the possibility of it having mechanical problems since she did not know how it had been driven during the car chase.

The original bill of information charged Pettit with one count of illegal possession of stolen things valued between $500.00 - $25,000.00, in violation of La. R.S. 14:69; one count of aggravated flight from an officer, in violation of La. R.S. 14:108.1C; and one count of resisting an officer. Pettit pled not guilty to all charges, though the charge of resisting an officer was later dismissed.

On June 24, 2019, the morning of trial, the State filed an amended bill of information as a result of alleged clerical errors in order to correct the referenced date of the offense and to correct the value that had been referenced in count one, illegal possession of stolen things, in violation of

2

La. R.S. 14:69, from "500.00" to "5,000.00". Pettit was not re-arraigned after the State amended the bill of information.

Pettit filed a motion to continue trial based on this amended bill of information, particularly as to the change in the value referenced in La. R.S. 14:69B(2), claiming that the amendment increased the grade of the illegal possession of stolen goods and related potential sentence, in order to prepare a defense to the new value amount and possibly discuss further plea options. The State claims that the amended bill merely corrected two clerical errors noticed in the original bill that have no effect on the grading of the crime, and that Pettit was not prejudiced by the error. The motion to continue was denied and the trial ensued.

During the trial, the State attempted to introduce documentation regarding the trade-in value and ultimate sale value of the vehicle of $22,250 for confirmation by Auger. Pettit objected to the admission of the document since it was not presented beforehand in discovery. The objection was sustained by the trial court.

Pettit was found guilty as charged by a unanimous jury. A motion for new trial and motion for post-verdict judgment of acquittal were filed and denied. Prior to sentencing, the State filed a bill of information charging him as a habitual offender, as well as an amended bill, following several hearings, regarding the inclusion of a certain conviction and its effect on the applicable cleansing period. On April 21, 2021, the trial court ruled that Pettit was a third felony offender. A presentence investigation was ordered. On June 23, 2021, Pettit was sentenced to 20 years on count one, illegal possession of stolen things valued at greater than $5,000 but less than

3

$25,000; and 10 years on count two, aggravated flight from an officer; to be served consecutively with each other and any other sentence he was serving.

## DISCUSSION

Pettit argues that the trial court erred in its denial of his motion to continue filed as a result of the amended bill of information because he was denied his right to present a defense.

Pettit first claims that there was an error patent of not arraigning him on the amended bill of information. He then argues that although the trial court sustained his objection during the trial to the admission of the trade-in and resale documents for the vehicle as surprise evidence, the jury nevertheless heard the information contained in the document, to his detriment and to which he was unable to defend on the issue of value, an essential element of one of the crimes charged.

Pettit's primary argument is that the amended bill of information prejudiced him on the morning of trial and the trial court's denial of his motion to continue hindered his ability to adequately contest the newly amended value, an essential element of the crime, by not giving additional time to develop a new defense strategy or pursue a potential plea given the alleged new maximum sentence.

The State asserts first that although the amended bill of information was *filed* on the day of trial, it had communicated with and informed counsel for Pettit several days prior of the discovered error and resulting proposed amendment, and Pettit's counsel had already drafted the subject motion for continuance in advance and sent to the State via email on June 20, 2019, four days prior to trial; therefore, Pettit could not have been as hindered by the amended bill as was portrayed.

In addition, the State points out that a 2014 Dodge Durango would most likely be worth significantly more than $5,000 as of the date of the incident in early 2018, the low end of the range designated in La. R.S. 14:69B(2), as referred to in the amended bill. Pettit should have already been preparing any defense as to the value of the vehicle by way of a multitude of resources such as Kelley Blue Book or the NADA guidebook or the subpoena of any witnesses that could assess a value outside of the statutory guidelines. Therefore, neither the amendment to the bill of information, nor the denial of the motion to continue, deprived Pettit of a defense since he had the ability to investigate or ascertain a value for the vehicle from the onset of the case.

The applicable portions of La. R.S. 14:69, Illegal Possession of Stolen Things, pertaining to the grading of the subject offense are as follows:

A. Illegal possession of stolen things is the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.

B. (1) Whoever commits the crime of illegal possession of stolen things, when the value of the things is **twenty-five thousand dollars or more**, shall be imprisoned at hard labor for not more than *twenty years*, or may be fined not more than fifty thousand dollars, or both.

(2) When the value of the stolen things is **five thousand dollars or more, but less than a value of twenty-five thousand dollars**, the offender shall be imprisoned, with or without hard labor, for not more than *ten years*, or may be fined not more than ten thousand dollars, or both.

(3) When the value of the stolen things is **one thousand dollars or more, but less than a value of five thousand dollars**, the offender shall be imprisoned, with or without hard labor, for not more than *five years*, or may be fined not more than three thousand dollars, or both.

(4) When the value of the stolen things is **less than one thousand dollars**, the offender shall be imprisoned for not more than *six months* or may be fined not more than one thousand dollars, or both. If the offender in such cases has been convicted of theft

5

two or more times previously, upon any subsequent conviction, he shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both. [*Emphasis added.*]

The State points out that La. R.S. 14:69 contains no language for a valuation of $500. The closest amount of $1,000 is the *high end* of the valuation for a misdemeanor grade of the offense. The highest value clearly asserted in both the original and amended bills of information was $25,000, such that Pettit was adequately informed that the particular grade of the offense was that which included the limit of $25,000, La. R.S. 14:69B(2). Therefore, the amendment did not "change the grade of the offense" as argued by Pettit.

In any event, the State shows that Pettit actually argued that the change in grading "would be the difference between five years and ten years." He did not argue that the grading difference was between a misdemeanor sentence of six months or less and ten years. In other words, the only way the bill would have made a grading difference from five to ten years would be if the value of the vehicle had been less than $5,000.

Regarding Pettit's argument that he was prejudiced by the attempted admission of surprise evidence as to the vehicle's value, the State urges that the purpose of the documentation would only have been to, at most, enhance the impact of Auger's testimony regarding the value. As the victim of the crime, Auger was entitled to provide testimony as to value. Pettit was aware in advance that she would be testifying and never refuted her testimony regarding the value of the Durango, nor did he otherwise present any evidence on the issue of the vehicle's value.

6

In support of its assertion, the State offers numerous citations regarding a victim's ability to testify as to stolen property's value, with or without supporting documentation. The testimony of the stolen property's owner is "sufficient to establish the property's value." Moreover, "unless it is shown that the owner lacks knowledge in the value of the object, . . . the weight of the testimony is left to the jury." *State v. McCray*, 305 So. 2d 433 (La. 1974); *State v. Fontenot*, 16-226 (La. App. 3 Cir. 2016), 207 So. 3d 589; *State v. Mitchell*, 50-188 (La. App. 2 Cir. 11/18/15), 181 So. 3d 800, *writ denied*, 15-2356 (La. 1/9/17), 214 So. 3d 836; *State v. Bailey*, 50-097 (La. App. 2 Cir. 9/30/15), 180 So. 3d 442; *State v. Henry*, 46,406 (La. App. 2 Cir. 2/10/11), 73 So. 3d 958; *State v. Ramsdell*, 2006-644 (La. App. 5 Cir. 12/27/06), 949 So. 2d 508.

Pettit urges that the trial court's denial of his motion to continue following the amended bill of information was in contradiction of his constitutional due process right to present a defense. He proceeds to note that a continuance is the proper tool used in response to an amended bill in order to protect a defendant from undue surprise or prejudice. *State v. Williams*, 44,418 (La. App. 2 Cir. 6/24/09), 15 So. 3d 348, *writ denied,* 09-1746 (La. 3/26/10), 29 So. 3d 1250, *citing State v. Cleveland*, 630 So. 2d 1365 (La. App. 2 Cir. 1994).

On the other hand, the State cites a lengthy list of cases holding that late developments at the outset of trial did not entitle the defendants to continuances. For example, in *State v. Smith*, 632 So. 2d 887 (La. App. 2 Cir. 1994), the trial court denied a motion for continuance filed on the day of trial by the defense attorney who claimed that his two expert witnesses had not issued final reports and a third witness was unavailable. In affirming the

7

conviction on appeal, the Second Circuit held that the defendant had been unable to show "specific prejudice" for the denial of the continuance. In *State v. Shaw*, 672 So. 2d 237 (La. App. 2 Cir. 1986), the trial court denied defendant's motion for continuance filed on the day of trial based on his claim that an unexpected severance of defendants had ruined his existing defense strategy. In denying relief, this Court essentially said that the only thing that defense counsel had to show prejudice were *his statements* that his defense was damaged.

We agree with the State that the trial court's denial of Pettit's motion for continuance did not create any specific prejudice to Pettit's defense.

First, Pettit was aware from the onset of the case that he was being charged for illegal possession of stolen things pursuant to La R.S. 14:69. The original bill of information cites the applicable statute, although not the particular subsection in which the grade of offense is delineated, includes the correct value of $25,000 for the maximum limit of the value range, and references the property subject to the theft, the 2014 Dodge Durango. All of the above information included in the original bill is more than sufficient to put Pettit on notice of the charges to which he would be preparing a defense.

The only relevant discrepancy in the original bill of information would be the clerical error of including "$500.00" instead of "$5,000.00" for the lower limit of the value range. Despite there being no grade of offense under the statute with any threshold of $500, the only disadvantage Pettit could possibly have had as a result of the error and resulting amendment just prior to trial would be an impediment to a defense of the vehicle's value being between $500 and $5,000. Pettit seemingly acquiesced at a minimum value of $500 with a mistaken belief it was the low end of the value range

8

for the offense. However, as Pettit repeatedly asserts, value is an essential element of this particular crime charged. As such, a defense thereto should encompass the basic knowledge of the correct values allocated to each range of the subject offense and their corresponding sentencing ranges. Pettit had the ability to familiarize himself with the applicable statute from the onset of the matter and failed to do so.

Pettit was also aware that Auger was listed by the State as a potential witness during discovery and should have been aware that, as the theft victim, she was entitled to testify regarding the value of the stolen property. In fact, Auger testified as to the vehicle's trade-in value, over $20,000, before the State even attempted to introduce the superfluous documentation to corroborate her statement. Other than his objection to the admission of the valuation documentation, Pettit did nothing to contest the alleged value of the 2014 Dodge Durango at trial or propose any alternate valuation.

A ruling to grant or deny a motion for continuance is within the sound discretion of the trial court and a reviewing court will not disturb it absent a clear abuse of discretion. *State v. Harris*, 01-2730 (La. 1/19/05), 892 So. 2d 1238; *State v. Ballard*, 337 So. 2d 481 (La. 1976); *State v. Sanders*, 52,632 (La. App. 2 Cir. 5/22/19) 273 So. 3d 635, *writ denied*, 19-01106 (La. 7/17/20), 298 So. 3d 169; *State v. Hill*, 46,050 (La. App. 2 Cir. 4/20/11), 64 So. 3d 801, *writ denied*, 11-1078 (La. 11/14/11), 75 So. 3d 940; *State v. Ray*, 42,096 (La. App. 2 Cir. 6/27/07), 961 So. 2d 607; *State v. Shaw*, *supra*; *State v. Smith*, *supra*.

The decision "whether to grant or deny a motion to continue depends on the circumstances of each particular case." *State v. Hill*, *supra*; *State v. Smith*, *supra*. There is no abuse of discretion unless the mover can show he

9

will be "specifically prejudiced" if the continuance is not granted. *State v. Snyder*, 98-1078 (La. 4/14/99), 750 So. 2d 832; *State v. Huizar*, 414 So. 2d 741 (La. 1982); *State v. Haarala*, 398 So. 2d 1093 (La. 1981); and *State v. Sanders*, *supra*.

Pettit was not prejudiced by the alleged late filing of the amended bill of information or the trial court's denial of his motion for continuance. Given the circumstances of this case, the trial court was justified in its denial of Pettit's motion for continuance and did not abuse its discretion by proceeding with the scheduled trial.

## CONCLUSION

For the foregoing reasons, this Court AFFIRMS the trial court's denial of Pettit's motion for continuance and corresponding order filed on June 24, 2019.

**AFFIRMED.**